**FILED**

**April 16, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:37 AM**



## TENNESSEE DIVISION OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Employee: John D. Ellis | ) | Docket No. 2015-08-0001 |
| | ) | |
| Employer: A Air-One Services | ) | State File No. 78521-2014 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 16th day of April, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Mark Lambert** | | | | | X | mlambert@forthepeople.com |
| **Michael Haynie** | | | | | X | mhaynie@manierherod.com |
| **Jim Umsted, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov

**FILED**

April 16, 2015

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time:8:37 AM

## TENNESSEE DIVISION OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Employee: John D. Ellis | ) | Docket No. 2015-08-0001 |
| | ) | |
| Employer: A Air-One Services | ) | State File No. 78521-2014 |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Jim Umsted, Judge | ) | |

---

### Affirmed and Remanded – Filed April 16, 2015

---

### OPINION AFFIRMING AND REMANDING
### INTERLOCUTORY ORDER OF COURT OF WORKERS' COMPENSATION
### CLAIMS

This interlocutory appeal involves an employee who alleges a back injury caused by lifting a piece of heavy equipment while working as an HVAC service technician for his employer. The employer denied the claim based on a positive drug test and its status as a certified drug-free workplace. A subsequent drug test was negative. Following an expedited hearing, the trial court found that the evidence did not support the defense of illegal drug use as codified in Tennessee Code Annotated section 50-6-110(a)(3). The employer has appealed. Having carefully reviewed the record, we affirm the decision of the Court of Workers' Compensation Claims.

Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board, in which Judge David F. Hensley, and Judge Timothy W. Conner, joined.

Michael L. Haynie, Nashville, Tennessee, for the employer-appellant, A Air-One Services

1

Mark A. Lambert, Memphis, Tennessee, for the employee-appellee, John D. Ellis

**Factual and Procedural Background**

John Ellis ("Employee"), a resident of Shelby County, Tennessee, was employed as an HVAC service technician by A Air-One Services ("Employer") when he injured his back maneuvering a piece of equipment on September 19, 2014. On that date, Employer sent Employee to a supply facility to retrieve an air handler and deliver it to a job site. The air handler, which weighed several hundred pounds, was placed on a trailer by a forklift operator. While Employee was in the process of positioning the air handler so that it could be secured to the trailer, he felt a pop in his back. He reported the incident to Employer and worked the remainder of his shift.

The next work day, September 22, 2014, Employee notified Employer that he was unable to work because of back pain. The following day, Employee was treated at a hospital where he complained of back pain radiating down his leg that started on September 19, 2014. Employer provided Employee a panel of physicians and he selected Dr. Stephen Waggoner, an orthopedic surgeon, as his treating physician. Following an MRI ordered by Dr. Waggoner, Employee was diagnosed with a herniated disk and, despite his claim being denied by Employer, underwent surgery on November 20, 2014. Despite the surgery and subsequent period of recovery, Employee contends that he continues to need medical treatment.

At Employer's request, Employee reported to a drug screening facility, Mid-South Drug Testing, Inc., for a drug test on September 23, 2014. Employee's urine tested positive for methamphetamines and Employer denied Employee's claim based on the illegal drug use defense in Tennessee Code Annotated section 50-6-110(a)(3). Believing that the results of the drug screen were incorrect, Employee returned to Mid-South Drug Testing on October 30, 2014, for another drug test. This second drug test, which used a hair sample rather than a urine sample, was negative. The report noted that the analyzed sample of hair "has an approximate time frame of three months past drug usage."

On January 5, 2015, Employee filed a Petition for Benefit Determination. At an expedited hearing held on March 13, 2015, the parties informed the trial judge that the sole issue was whether Employer had sufficient grounds to deny Employee's claim based on illegal drug use. Following the hearing, the trial court entered an order finding that (1) Employer was a participant in the state's drug-free workplace program, (2) no evidence was presented that one drug test was more reliable than the other, (3) Employee testified credibly that he had not used methamphetamines for several years, and (4) there was no evidence that the use of illegal drugs caused or contributed to Employee's back injury on September 19, 2014. Accordingly, the trial court concluded that the evidence submitted did not support Employer's defense of illegal drug use. Employer timely appealed, and

2

the record was submitted to the Appeals Board and a docketing notice was issued to the parties on April 8, 2015.

## Standard of Review

The standard of review applicable in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless "the rights of the party seeking review have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A) Violate constitutional or statutory provisions;
(B) Exceed the statutory authority of the workers' compensation judge;
(C) Do not comply with lawful procedure;
(D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly unwarranted exercise of discretion; or
(E) Are not supported by evidence that is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 50-6-217(a)(2) (2014). Like other courts applying the standards embodied in section 50-6-217(a)(2), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

### A.

The general assembly has identified a number of circumstances in which workers' compensation benefits may not be recovered, one of which is when the employee's injury or death is due to the employee's intoxication or illegal drug use. Tenn. Code Ann. § 50-6-110(a)(3) (2014). If, as in this case, the employer has implemented a drug-free workplace program[1] and the injured employee fails a drug test, "then it is presumed that

---

[1] The purpose of the drug-free workplace program is to "promote drug-free workplaces in order that employers in this state be afforded the opportunity to maximize their levels of productivity, enhance their competitive positions in the marketplace and reach their desired levels of success without experiencing the costs, delays and tragedies associated with work-related accidents resulting from drug or alcohol abuse by employees." Tenn. Code Ann. § 50-9-101(a). Further, the general assembly intended that "drug and alcohol abuse be discouraged and that employees who choose to engage in drug or alcohol abuse face the risk of unemployment and the forfeiture of workers' compensation benefits." *Id.* Consequently, if an employer implements a drug-free workplace, the employer may require drug testing and, "if a drug or alcohol is found to be present in the employee's system at a level prescribed by statute or by rule," the

3

the drug . . . was the proximate cause of the injury." Tenn. Code Ann. § 50-6-110(c)(1). This presumption is not conclusive, however, but may be rebutted by clear and convincing evidence that the drug was not the proximate cause of the injury. *Id.* If an employer has not implemented a drug-free workplace program, the employer bears the burden of establishing that the employee's intoxication or drug use was the proximate cause of the accident in order to avoid paying benefits. *See* Tenn. Code Ann. § 50-6-110(b); *Davidson v. Business Personnel Solutions*, No. E2010-02366-WC-R3-WC, 2011 Tenn. LEXIS 1146, at *10 (Tenn. Workers' Comp. Panel Dec. 12, 2011). Similarly, the presumption contained in section 50-6-110(c)(1) does not apply if the employer had "actual knowledge of and acquiesced in the employee's presence at the workplace while under the influence of alcohol or drugs." Tenn. Code Ann. § 50-6-110(c)(2).

The presumption in section 50-6-110(c)(1) has been the focus of two cases, the first of which is *Interstate Mechanical Contractors, Inc. v. McIntosh*, 229 S.W.3d 674 (Tenn. 2007). In *McIntosh*, the employee, whose employer had implemented a drug-free workplace program, had his hand crushed by a machine that bends sheet metal after a co-worker engaged the machine while unaware that the employee's hand was on the machine. A drug test performed after the accident was positive for Tetrahydrocannabinol ("THC"), a marijuana metabolite stored in the body's fat cells. The employee admitted to smoking marijuana the night before the accident, and testimony established that the level of THC in his system was sufficient to impair his reaction time. However, additional evidence showed that once the machine was engaged there would have been no time for the employee to react and pull his hand away. *Id.* at 681. Based on that evidence, the trial court found there was no connection between the employee's slowed reaction time and the accident. The Supreme Court affirmed, noting that the trial court had properly placed the burden on the employee to rebut the statutory presumption and, having done so, did not err in finding that the presumption had been rebutted. *Id.* at 682.

In the other case involving the presumption contained in section 50-6-110(c)(1), *Campbell v. PML, Inc.*, No. W2008-01539-WC-R3-WC, 2009 Tenn. LEXIS 68 (Tenn. Workers' Comp. Panel May 6, 2009), an employee, whose employer also had implemented a drug-free workplace program, got his thumb caught in a pulley resulting in the amputation of part of his thumb. A drug screen was positive for THC, and the employee admitted to smoking marijuana four days before his injury. The trial court found that the employee had successfully rebutted the presumption that his marijuana use was the proximate cause of the accident, noting that his supervisor and a co-worker had testified that he did not appear to be impaired. *Id.* at *7. The trial court also noted the absence of evidence concerning how the level of THC found in his system would have affected him. *Id.* The Special Workers' Compensation Appeals Panel affirmed,

---

employee may be terminated and forfeits workers' compensation benefits. Tenn. Code Ann. § 50-9-101(b).

4

observing that although reasonable minds could have reached a different conclusion based the record, the Panel could not find that the evidence preponderated against the trial court's finding that the employee had carried his burden of rebutting the statutory presumption. *Id.* at \*12-13.

At the time *McIntosh* and *Campbell* were decided, section 50-6-110(c)(1) provided that the presumption of causation stemming from an employee's alcohol or illegal drug use could be rebutted by a preponderance of the evidence. As noted above, the statute now requires that the evidence be clear and convincing, a higher standard than a mere preponderance standard. Specifically, clear and convincing evidence is that which leaves "no serious or substantial doubt about the correctness of the conclusions drawn." *Goff v. Elmo Greer & Sons Const. Co., Inc.*, 297 S.W.3d 175, 187 (Tenn. 2009). Stated differently, the truth of the facts asserted must be "highly probable." *Id.*

B.

Guided by the foregoing principles, we turn to the record in the present case. There is no dispute that Employer implemented a drug-free workplace program and that Employee's initial drug screen was positive for methamphetamines, thereby triggering the rebuttable presumption contained in section 50-6-110(c)(1). Thus, the pivotal question presented in this appeal, or so we infer,[2] is whether Employee met his burden of rebutting the statutory presumption by clear and convincing evidence. The trial court concluded that he did. We agree.

First, the only evidence Employer presented in support of its illegal drug use defense is the positive drug screen on September 23, 2014. As noted above, the second drug screen conducted on October 30, 2014, was negative. Any suggestion that the second drug test should be discounted because it was conducted several weeks after the first drug screen is unpersuasive because the latter test, which used a hair sample instead of a urine sample, encompassed a three-month span of possible drug use according to the report introduced as an exhibit. Employee's accident occurred well within that time frame. Moreover, we note that no evidence was presented to suggest that one test was more reliable than the other, due either to the nature of the specimen tested – urine versus hair – or the manner in which the tests themselves were conducted.

Second, Employee testified that he had not used illegal drugs in many years. He candidly acknowledged doing so approximately fifteen years before his accident, but denied taking any illegal drugs since.[3] He also denied taking any type of illegal drugs while working for Employer and denied being around anyone who had taken

---

[2] Neither party has filed a brief or other document stating their positions.

[3] Contrary to his testimony at the expedited hearing, Employee stated in an affidavit that he "never used methamphetamine or any similar drug."

methamphetamines. Employee was the only witness to testify, and the trial judge found him to be credible. When the trial court has seen and heard the witnesses, we give considerable deference to the trial court's factual findings. *Tryon v. Saturn Corp.,* 254 S.W.3d 321, 327 (Tenn. 2008).

Third, the record is devoid of any evidence that illegal drug use caused or contributed to Employee's accident. There is nothing to suggest that Employee was impaired or under the influence when he was moving the air handler. Employee testified that he had not taken any drugs, and no witnesses were presented who testified that he was in any way impaired. Similarly, no evidence was presented regarding how, if at all, the level of methamphetamines detected by the first drug screen would have affected him, assuming the results of that test were accurate. Employee's testimony that he eased the air handler down on the trailer so it could be properly secured, as opposed to losing control of it as might happen if he was impaired, is uncontradicted.

Based upon this record, we are unable to find that the evidence preponderates against the trial court's decision that Employee carried his burden of rebutting the presumption contained in section 50-6-110(c)(1). Accordingly, the trial court's decision is affirmed.

### Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision or otherwise run afoul of any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(2). Accordingly, the trial court's decision is affirmed and the case is remanded for any further proceedings that may be necessary.

**Marshall L. Davidson, III**
**Presiding Judge**
**Workers' Compensation Appeals Board**

6